IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS TEXTON WOOD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:07-CR-8 |

## INTRODUCTION

On August 4, 2008, a jury convicted Thomas Texton Wood of one count of wrongfully endeavoring to obstruct and impede the due administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a), and two counts of failure to file an individual income tax return, in violation of 26 U.S.C. § 7203.  Mr. Wood challenges his conviction pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  Mr. Wood argues that a conviction under 26 U.S.C. § 7212(a)–wrongfully endeavoring to obstruct and impede the due administration of the Internal Revenue Code–can only stand if the defendant was aware of a pending IRS investigation prior to engaging in endeavors to obstruct or impede.  Because this Court finds that § 7212(a) contains no such requirement, Mr. Wood's motion is DENIED.

## BACKGROUND

Mr. Wood is an attorney who has practiced law in Salt Lake City and other areas for many years.  From late 1998 to 2002, Mr. Wood associated with Glenn Ambort and John

Benson, both of whom were facing federal tax charges.  During this time, Mr. Wood assisted these two individuals in hiding millions of dollars from the IRS.  Mr. Wood deposited millions of dollars of *Ponzi* scheme "revenue" into a non-interest bearing bank account that he held in trust.  Mr. Wood opened nominee accounts in order to obscure the use of these funds.  Over the course of several years, Mr. Wood facilitated the placement of more than $11,000,000 of "invested" money into the non-interest bearing account, and then spent approximately $6,000,000 of this money on behalf of Mr. Ambort, Mr. Benson, and himself, including $450,000 on his and his family's living expenses.

In addition to depositing and spending funds from the non-interest bearing account, Mr. Wood opened off-shore debit accounts for a number of individuals, including Mr. Benson, Mr. Ambort, and himself.  Mr. Wood personally managed more than one of these accounts by receiving statements at his law office.  Periodically, Mr. Wood funded the debit accounts utilizing *Ponzi* scheme funds from one of the nominee bank accounts.

On January 10, 2007, a grand jury returned a sealed indictment charging Mr. Wood with violating 26 U.S.C. § 7212(a).  On April 4, 2007, the grand jury issued a superseding indictment adding two counts of failing to file a federal income tax return in violation of 26 U.S.C. § 7203.  Mr. Wood subsequently pled not-guilty and faced a trial by jury.

At trial, the Government presented evidence showing that Mr. Wood utilized the domestic bank accounts, the offshore debit accounts, and the nominee accounts for the purpose of hiding income and assets belonging to Mr. Ambort and Mr. Benson from the IRS.  Although Mr. Wood did not formally take payment for the services he provided, he accepted payment by using funds from the accounts to pay for personal and family expenses.  This income was

sufficient to trigger federal income tax filing requirements during 2000 and 2001. Mr. Wood knowingly failed to report this income and corresponding tax liability to the IRS.

The Government's argument was essentially that Mr. Wood's actions were done for the purpose, and had the effect, of corruptly obstructing or impeding the due administration of the tax code, as prohibited by 26 U.S.C. § 7212(a). At the conclusion of the presentation of evidence, the Court instructed the jury to return a verdict of guilty if it found beyond a reasonable doubt that Mr. Wood corruptly endeavored to obstruct or impede the due administration of the Tax Code. The jury found Mr. Wood guilty on all three counts as charged.

Mr. Wood argues that a conviction under 26 U.S.C. § 7212(a) requires not only a pending IRS investigation or action, but also the defendant's awareness of that investigation or action before a criminal penalty can be imposed. Mr. Wood further argues that since there was no such pending IRS action in this case, his conviction cannot stand. Contrary to Mr. Wood's contentions, however, § 7212(a) requires no such pending IRS action.

## DISCUSSION

### I. Standard of Review

Rule 29 of the Federal Rules of Criminal Procedure mandates that this Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. Proc. 29(a). In determining whether the evidence presented at trial is insufficient to sustain a conviction, the Court views "the evidence in the light most favorable to the government, [and asks whether] any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001). If believing the evidence presented will result in establishing each element of

the crime charged, then the Court "must defer to the jury's verdict" and deny the Rule 29 motion. *Id.*

## II. 26 U.S.C. § 7212(a)

The issue presently before the court is one of statutory construction. The statute at issue, 26 U.S.C. § 7212(a), provides in pertinent part that "[w]hoever . . . corruptly . . . obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title shall [be guilty of a crime]." When confronting issues of statutory construction, the Court begins by "examining the statute's plain language." *United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008). "If the statutory language is clear, [the Court's] analysis ordinarily ends. . . . If the statute's plain language is ambiguous as to Congressional intent, '[the Court] look[s] to the legislative history and the underlying public policy of the statute.'" *Id.* (quoting *United States v. LaHue*, 170 F.3d 1026, 1028 (10th Cir. 1999)).

Section 7212(a) is plain on its face. The plain language of § 7212(a) clearly prohibits *any* corrupt endeavor to impede *any* type of due administration of the Tax Code. This due administration certainly includes the collection of taxes. *See United States v. Kuball*, 976 F.2d 529, 531 (9th Cir. 1992) (quoting *United States v. Reeves*, 752 F.2d 995, 998 (5th Cir. 1985)). Therefore, any corrupt endeavor to impede the collection of taxes by the IRS renders the actor subject to liability.

Mr. Wood argues, however, that the Court should interpret the phrase "due administration of this title" as the Sixth Circuit did in *United States v. Kassouf*, 144 F.3d 952 (6th Cir. 1998). In that case, the Sixth Circuit determined that § 7212(a) requires a pending IRS action in order to impose criminal liability. *Id.* at 957.

The defendant in *Kassouf* was charged under § 7212(a) partially based on his failure to maintain business records that were required to properly assess the tax consequences of certain transactions. *Id.* at 953. In determining that a conviction under § 7212(a) requires a pending IRS action, the court primarily relied upon a comparison of § 7212(a) and the obstruction of justice statute found in 18 U.S.C. § 1503. *Kassouf*, 144 F.3d at 956. The court noted that the language of each statute is quite similar–§ 7212(a) prohibiting acts that interfere with the "due administration of [the tax code]," and § 1503 prohibiting acts that interfere with the "due administration of justice." *Id.* (quoting 26 U.S.C. § 7212(a) and 18 U.S.C. § 1503, respectively). Because the United States Supreme Court had previously interpreted § 1503 to require a pending judicial proceeding in order to impose criminal liability, *see United States v. Aguilar*, 515 U.S. 593, 598 (1995), the Sixth Circuit opined that § 7212(a) should similarly be interpreted to require "some pending IRS action of which the defendant [is] aware." *Kassouf*, 144 F.3d at 957.

The Court is not persuaded by *Kassouf*. Even the Sixth Circuit has subsequently limited *Kassouf* to precisely its own facts. *United States v. Bowman*, 173 F.3d 595, 600 (6th Cir. 1999). Also, contrary to *Kassouf*, all other courts to discuss the same question have determined that a pending IRS action is not required for a conviction under 26 U.S.C. § 7212(a). *See e.g.*, *United States v. Crim*, No. 06-CR-00658-2 (E.D. Pa. Dec. 13, 2007), *United States v. Kelly*, 564 F. Supp. 2d 843 (N.D. Ill. 2008), *United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005), *United States v. Molesworth*, 383 F. Supp. 2d 1251 (D. Id. 2005), and *United States v. Willner*, No. 07 Cr. 183(GEL), 2007 WL 2963711 (S.D.N.Y. Oct. 11, 2007).

The "due administration of justice" language in § 1503 follows a list of proscribed conduct directed at actual judicial proceedings. 18 U.S.C. § 1503. For example, § 1503 makes it unlawful to interfere with the duties of grand or petit jurors, officers of the court, or witnesses.

*Id.* Section 1503 also makes it unlawful for a person to injure a grand or petit juror's person or property based on a verdict, indictment, or the fact that the person served as a juror. *Id.* Finally, § 1503 makes it unlawful for a person to injure an officer of the court based on his or her performance of official duties. *Id.* The language of § 7212(a), on the other hand, does not place such limits on the scope of the provision. Indeed, the language preceding the "due administration" clause of § 7212(a) only concerns interference with any person acting in an official capacity under the Tax Code. 26 U.S.C. § 7212(a). Undeniably, this official capacity includes performing any number of tasks under the Code, including mailing forms, maintaining records, answering taxpayer inquiries, monitoring taxpayer compliance, issuing tax refunds, and certainly collecting taxes.

The predecessor statute to § 1503 contained the phrase "due administration of justice *therein*," the antecedent *therein* presumably referring to "any court of the United States." *Willner*, No. 07 Cr. 183(GEL), 2007 WL 2963711 (S.D.N.Y. Oct. 11, 2007) (quoting *Pettibone v. United States*, 148 U.S. 197, 197 (1893)). And as early as 1893, this predecessor statute was interpreted as requiring a pending judicial proceeding in order to sustain a criminal conviction. *See Pettibone*, 148 U.S. at 197. In comparison, however, § 7212(a) has no such history.

Finally, and perhaps most importantly, there is a fundamental distinction between the obstruction of justice statute found in 18 U.S.C. § 1503 and the challenged provision found in 26 U.S.C. § 7212(a). Concerns of notice and fairness dictate that in order for a person to obstruct justice, logically that person must know that he or she is obstructing, or has the intent to obstruct, something. *See Aguilar*, 515 U.S. at 599. For that to occur, a pending judicial proceeding must be in existence, and the person charged with impeding justice must be aware of it. Conversely, the Internal Revenue Code, and a person's obligations under it, are always in existence.

Mr. Wood argues that due to the broad range of activities engaged in by the IRS, imposing liability without a pending IRS action will "make one vulnerable to criminal prosecution for conduct which is not specifically proscribed." Defendant's Memorandum in Support of Motion at p. 4.  This argument lacks merit because imposing liability under § 7212(a) requires corrupt behavior by the accused.  26 U.S.C. § 7212(a).  Prior to their deliberations, the Court instructed the jury that as used in § 7212(a), the word "corruptly," means "to act with the intent to secure an unlawful advantage or benefit for oneself or another."  Jury Instruction No. 16.  Not only is this definition consistent with Tenth Circuit precedent, *see United States v. Winchell*, 129 F.3d 1093, 1098 (10th Cir. 1997), but it also avoids overbreadth challenges such as those addressed by the Supreme Court in *Aguilar* by limiting the reach of the statute to only impose liability on someone who sought to secure an unlawful benefit–in this case, the benefit obtained for Mr. Ambort and Mr. Benson by hiding their income from the IRS.

## CONCLUSION

Based on the plain language of § 7212(a), any corrupt endeavor to impede any due administration of the tax code, regardless whether the IRS has pending any formal action or investigation, is unlawful.  Viewing the evidence presented at trial in the light most favorable to the Government, the Court finds that the evidence presented was sufficient for a jury to find that Mr. Wood engaged in conduct designed to secure an unlawful benefit through impeding the due administration of the Tax Code.  Accordingly, Mr. Wood's alternative request for a new trial does not need to be addressed.  His Rule 29 motion is DENIED.

IT IS SO ORDERED.

Dated this 17th day of November, 2008.

_____
Dee Benson
United States District Judge